FILED
MAY 1 5 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION : | |
| OF THE UNITED STATES OF AMERICA : | MISC. NO. *13-490* |
| FOR AN ORDER AUTHORIZING : | |
| A PEN REGISTER AND TRAP AND : | |
| TRACE DEVICE ON CELLULAR : | UNDER SEAL |
| TELEPHONE NUMBER (301) 257-6147 : | |

### APPLICATION FOR PEN REGISTER, TRAP AND TRACE
### PURSUANT TO TITLE 18 UNITED STATES CODE SECTIONS 3122 AND 3123

The United States of America, by and through its counsel, Ronald C. Machen Jr., United States Attorney for the District of Columbia, and Cassidy Kesler Pinegar, Assistant United States Attorney, hereby applies to the Court for an order authorizing the installation and use of a pen register, trap and trace device, and caller identification device on the telephone presently assigned (301) 257-6147, a cellular telephone believed to be used by William F. Russel, Jr. In support of this Application, the United States certifies the following:

### PEN REGISTER AND TRAP AND TRACE

1. The Applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and therefore, pursuant to Title 18 United States Code, Section 3122, may apply for an order authorizing the installation and use of a pen register, trap and trace, and/or a caller identification device.

2

2. The Applicant certifies that the Federal Bureau of Investigation and the Metropolitan Police Department for the District of Columbia (hereinafter "Agency/Agencies") is/are conducting a criminal investigation of the user(s) of the cellular telephone identified above and others in connection with possible violations of federal laws, including Title 18, United States Code, Section 2252(a)(2). On May 8, 2013, Magistrate Judge Alan Kay signed an arrest warrant for William F. Russell, Jr., in case number 13-MJ-349. Russell is charged with distribution of child pornography. The FBI is actively attempting to locate Russell in an effort to execute the arrest warrant.

3. The Applicant further certifies that the information likely to be obtained from the pen register and trap and trace device is relevant to the ongoing effort to arrest Russell. It is believed this information will provide the agents with investigative leads concerning contacts made by Russell, as well as Russell's movements and current location. The information to be obtained from the caller identification feature is geographically limited only by the technology of the service provider for the cellular telephone, and the technology of the originating telephone number service providers, with no geographic limit for the trap and trace.

4. The Applicant requests that the Court issue an Order authorizing the use of (1) a pen register to register numbers dialed to or pulsed from the subject cellular telephone number, to record the date and time of such dialings or pulsings; and (2) a trap and trace and caller identification device on subject cellular telephone number to capture the incoming electronic and other impulses which identify the originating number of a wire or electronic communication, and the date and time of such incoming pulses, for a period of sixty (60) days from the date of this Order.

5. The Applicant further requests that the order direct Sprint Corporation (hereinafter "Service Provider") to furnish all information, facilities and technical assistance necessary to accomplish the installation of the pen register, trap and trace and caller identification device unobtrusively with a minimum of interference with the services that the provider accords the subscriber(s), and with compensation to be paid by the Agency for reasonable expenses incurred in providing such facilities and assistance.

6. The Applicant requests further that the Court's Order direct the Service Provider, its agents, employees and affiliates not to disclose to the subscriber, or to any other person, the existence of the requested pen register, trap and trace, or the caller identification device, or of this investigation, unless or until otherwise ordered by the Court.

7. It is further requested that the Court's Order apply not only to the cellular telephone bearing the subject cellular telephone number, but also to any telephone number(s) subsequently assigned to the subject cellular telephone number for the same subscriber, or any changed mobile service identification number subsequently assigned to the same telephone number, or any additional changed telephone numbers and/or mobile service identification number, whether the changes occur consecutively or simultaneously, which are listed to the same subscriber and wireless telephone account number as the subject cellular telephone number within the sixty day period authorized by this Order.

8. It is further requested that the Court's Order apply to the Service Provider, and to any other communications service provider which contracts or otherwise agrees to provide cellular telephone service to a telephone bearing the same telephone number or mobile service identification number during the sixty day period authorized by this Order.

9. Because disclosure of this Application could jeopardize the investigation for which the authorization to install and use the pen register, trap and trace and caller identification device is sought, the Applicant further requests that this application be filed under seal, pursuant to Title 18 United States Code, Section 3123(d)(1). The Applicant further requests that this Court's Order, and any subsequent orders, be sealed until otherwise ordered by the Court.

**WHEREFORE,** it is respectfully requested that the Court grant an order for a period of 60 days (1) authorizing the installation and use of a pen register to record numbers dialed or pulsed from the subject cellular telephone number; (2) authorizing the installation and use of a trap and trace device to capture the incoming electronic or other impulses which identify the originating number of a wire or electronic communication, and signaling and routing information relating to the subject cellular telephone number; (3) directing the Service Provider to furnish forthwith to the Agency all information, facilities, and technical assistance necessary to accomplish the installation and use of the devices unobtrusively and with minimum interference to the service presently accorded persons whose dialings or pulsings are the subject of the pen register, trap and trace, and caller identification device, and (4) sealing this Application and the Court's Order.

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED on this ____ day of May, 2013.

>Respectfully submitted,
>
>RONALD C. MACHEN JR.
>UNITED STATES ATTORNEY
>DC Bar No. 447889
>
>*/s/ Cassidy Kesler Pinegar*
>CASSIDY KESLER PINEGAR
>Assistant United States Attorney
>555 4th Street, NW
>Washington, DC 20530
>DC Bar No. 490163
>202-252-7765