**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

MAY 1 5 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION : | |
| OF THE UNITED STATES OF AMERICA : | MISC. NO. *13 - 490* |
| FOR AN ORDER AUTHORIZING : | |
| A PEN REGISTER AND TRAP AND : | |
| TRACE DEVICE ON CELLULAR : | UNDER SEAL |
| TELEPHONE NUMBER (301) 257-6147 : | |

**ORDER**

This matter having come before the Court pursuant to the Government's Application

under Title 18, United States Code, Section 3122, by Cassidy Kesler Pinegar, an attorney for the

government, which Application requests an Order under Title 18, United States Code, Section

3123, authorizing the installation and use of a pen register, trap and trace device, and caller

identification device on (301) 257-6147 ("subject cellular telephone"), the Court makes the

following findings:

**FINDINGS**

**Findings Pursuant to Title 18 United States Code, Section 3123**

1.      The Court finds that the Applicant has certified to the Court that the applicant is

an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal

Procedure.

2.      The numbers dialed or pulsed to and from the subject cellular telephone, believed

to be used by William F. Russell, Jr., are relevant to an ongoing criminal investigation of

possible violations of Title 18, United States Code, Section 2252(a)(2).

## ORDER

**IT IS ORDERED** pursuant to Title 18, United States Code, Section 3123, that agents of the Federal Bureau of Investigations and the Metropolitan Police Department for the District of Columbia (hereinafter "Agency/Agencies") may install and use (1) a pen register to record numbers dialed to or pulsed from the subject cellular telephone number, to record the date and time of such dialings or pulsings; and (2) a trap and trace device on the subject cellular telephone number to capture the incoming electronic and other impulses reasonably likely to identify the source of a wire or electronic communication and the date and time of such incoming pulses; and (3) a caller identification device, for a period of an additional sixty (60) days; and

**IT IS FURTHER ORDERED** pursuant to Title 18, United States Code, Section 3123(b)(2), that Sprint Corporation shall furnish to the Agency forthwith all information, facilities and technical assistance necessary to accomplish the installation of the devices unobtrusively and with minimum interference with the services that are accorded persons whose dialings and pulsings are the targets of the pen register and the trap and trace device; and

**IT IS FURTHER ORDERED** that this Order shall apply not only to the subject cellular telephone number, but also to any telephone number(s) subsequently assigned to any instrument bearing the same mobile service identification number as the subject cellular telephone number, or any changed mobile service identification number subsequently assigned to the same telephone number or to additional changed telephone numbers and/or mobile service identification number, whether the changes occur consecutively or simultaneously, which are listed to the same subscriber and wireless telephone account number as the subject cellular telephone number within the 60 day period authorized by this Order.

**IT IS FURTHER ORDERED** that this Order shall apply to the Service Provider, and to any other service provider which contracts or otherwise agrees to provide cellular telephone service to a telephone bearing the same telephone number and/or International Mobile System Identity Number (IMSI) during the 60 day period contemplated by the Order in this matter.

**IT IS FURTHER ORDERED** that the Service Provider or any other service provider to whom this Order applies, shall be compensated by the Agency for reasonable expenses incurred in providing technical assistance; and

**IT IS FURTHER ORDERED** that this Order and the Application shall be sealed until otherwise ordered by the Court and that the Service Provider, its agents, employees and affiliates, shall not disclose the existence of the pen register, trap and trace device, and caller identification device, or the existence of the investigation to the listed subscriber, or to any other person, unless or until otherwise ordered by the Court.

**SO ORDERED** this _/5_ day of May, 2013.

ALAN KAY
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA

3